**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO MENDOZA, | No. 10-71256 |
| Petitioner, | Agency No. A094-393-559 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| MARCO ANTONIO MENDOZA, | No. 10-73076 |
| Petitioner, | Agency No. A094-393-559 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2014
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE and BYBEE, Circuit Judges, and RESTANI, Judge.[**]

In these consolidated petitions for review, Marco Antonio Mendoza, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (Board) order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), as well as the Board's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Mendoza's asylum application, testimony, and interview with an asylum officer regarding whether he was ever subjected to harm by the National Police. *See Chebchoub*, 257 F.3d at 1042–43. We reject Mendoza's contention that the agency improperly relied on the asylum officer's notes and testimony. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir. 2004). In

---

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

2

the absence of credible testimony, Mendoza's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mendoza's CAT claim is based on the same testimony found to be not credible, and Mendoza does not point to any other evidence that shows it is more likely than not he would be tortured by, or with the acquiescence of, the Salvadoran government, his CAT claim fails. *See id*. at 1157.

Finally, we hold that the Board did not abuse its discretion in denying Mendoza's motion to reopen for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA). Although the Board referenced its decision in *Matter of Ortega-Cabrera*, 23 I. & N. Dec. 793 (BIA 2005), which discusses eligibility for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act (INA), *see id.* at 794–95, rather than 8 C.F.R. § 1240.66(c), which governs eligibility for special rule cancellation of removal under NACARA, we affirm the Board's denial of the motion to reopen. First, Mendoza failed to challenge the Board's reliance on *Ortega-Cabrera* rather than 8 C.F.R. § 1240.66(c) in his briefs, and has thus waived any argument to that effect. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Regardless, even if this issue were before us, the result would be the same. Under either NACARA, which requires an alien to be "physically present in the United States for a

continuous period of not less than 10 years immediately following the commission of an act," 8 C.F.R. § 1240.66(c)(2), or the INA, which provides that removal may be cancelled if an alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application," 8 U.S.C. § 1229b(b)(1)(A), Mendoza would be incapable of showing that he could "demonstrate the requisite 10 years of continuous physical presence in the United States," as the Board concluded.[1]

**PETITIONS FOR REVIEW DENIED.**

---

[1] At oral argument, the government acknowledged that the Board's reference to *Ortega-Cabrera* was incorrect and observed that there is a paucity of cases interpreting the relevant provisions of NACARA. Because Mendoza has waived this issue, and because the outcome of this case is unchanged regardless of whether the "continuous physical presence" test of 8 C.F.R. § 1240.66(c)(2) or 8 U.S.C. § 1229b(b)(1)(A) is applied, we need not remand this case to the Board. Nonetheless, we observe that the "continuous physical presence" language under NACARA appears to be different from that under the INA, such that it might be reversible error in a future case for the Board to rely on *Ortega-Cabrera* in the NACARA context.

4